**THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **STEVE JORDAN** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO.** |
| | § | |
| | § | |
| **HOBBY LOBBY STORES, INC.** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, **STEVE JORDAN** and files his Original Complaint, and in support thereof would respectfully show unto the Court as follows:

## I. PARTIES

1. Plaintiff **STEVE JORDAN** is an individual residing in Marshall, Texas.

2. Defendant **HOBBY LOBBY STORES, INC.**, is a foreign corporation licensed to do business in Texas. Defendant may be served with process by serving its registered agent, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## II. JURISDICTION & VENUE

3. Plaintiff is domiciled in Texas, and Defendant is a citizen of Oklahoma, where it is incorporated and maintains its principal place of business/corporate headquarters. This Court thus has jurisdiction under Title 28 U.S.C.1332 in that all parties are citizens of and domiciled in different states, and the amount in controversy exceeds $75,000.00.

4. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. 1391(a)(1) in that Defendant resides in the Eastern District of Texas. Because Defendant maintains numerous stores in the Eastern District of Texas, its contacts with the Eastern District are

sufficient to subject it to personal jurisdiction if the Eastern District were a separate state. As such, Defendant is deemed a resident of the Eastern District of Texas for venue purposes under 28 U.S.C. 1391(c).

5. Because venue is proper in the Eastern District of Texas, this suit is properly maintainable in any division of the Eastern District of Texas. *Mohammed v. Mazda Motor Corp.*, 90 F.Supp. 2d 757 (E.D. Tex. 2000).

## III. FACTUAL BACKGROUND

6. On or about the afternoon of August 3, 2010, Plaintiff was travelling North on Interstate Highway 35 in or near Springer, Oklahoma. Plaintiff was struck from behind by a truck owned by Defendant when the driver, Henry Brener, attempted to merge onto I-35. Defendant's driver was cited for travelling at an excessive rate of speed at the time of the accident.

7. The impact was severe and caused serious and permanently disabling injuries to Plaintiff. Furthermore, the driver of the truck owned by Defendant was acting within the course and scope of his employment with Defendant at the time of the accident.

## IV. CAUSES OF ACTION

### NEGLIGENCE

8. Defendant is guilty of many acts and/or omissions of negligence which proximately caused the injuries sustained by Plaintiff including that described above and the following:

   a. Travelling/merging at an unsafe speed;

   b. Failure to yield;

   c. Failure to maintain a proper lookout; and

    d.    Other acts of negligence which may become apparent as discovery progresses.

## V. RESPONDEAT SUPERIOR

9. Defendant's driver was operating the truck owned by Defendant, and was in the course and scope of his employment at the time of the events complained herein. Therefore, Defendant is liable for the negligent conduct and wanton disregard of safety exhibited by its driver on the afternoon of August 3, 2010.

## VI. DAMAGES

10. As a result of the events complained of, Plaintiff has suffered serious and disabling injuries and was forced to seek medical treatment. Further, Plaintiff makes claims for the expenses he incurred in seeking medical treatment for his injuries along with a loss of income and physical impairment in the past, and for the pain, suffering, mental anguish from which he has suffered constantly since the time of the injury.

11. Additionally, Plaintiff will, in reasonable probability, require a substantial amount of medical treatment in the future and will, in all likelihood suffer a permanent loss of earning capacity. He will also continue to have pain, suffering, and mental anguish in the future.

## VII. PRAYER

WHEREFORE, Plaintiff respectfully prays that Defendant be cited to appear and answer to the allegations contained herein and that upon final adjudication of this case Defendant be required to pay all damages for which Plaintiff has prayed, together with court costs, attorney fees, and such other legal or equitable relief to which Plaintiff shows himself to be justly entitled, including pre-judgment and post-judgment interest.

Respectfully submitted,

**THE MANN FIRM**
300 West Main Street
Henderson, Texas 75652
Telephone No.: (903) 657-8540
Facsimile No.: (903) 657-6003

By: ______________________
**J. Mark Mann**
State Bar No. 12926150
**G. Blake Thompson**
State Bar No. 24042033
**Stacie H. Tandy**
State Bar No. 24042003

-AND-

**LAW OFFICE OF DON WHEELER**
101 Tenaha Street
P.O. Box 1687
Center, Texas 75935
Telephone No.: (936)598-2925
Facsimile No.: (936)598-7024

By: ______________________
**Don Wheeler**
Texas Bar No. 21256200

**ATTORNEYS FOR PLAINTIFF**